IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RHONDA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.** |
| | ) | |
| v. | ) | **JURY DEMANDED** |
| | ) | |
| **BOARD OF TRUSTEES, ILLINOIS** | ) | |
| **COMMUNITY COLLEGE DISTRICT NO. 508,** | ) | |
| **a/k/a CITY COLLEGES OF CHICAGO;** | ) | |
| **CECILE WEGNER; AND SYLVIA RAMOS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, RHONDA SMITH, by her attorneys, KENNETH M. BATTLE and GARDINER KOCH WEISBERG & WRONA, and for her complaint against Defendants, Board of Trustees, Illinois Community College District No. 508, also known as City Colleges of Chicago ("City Colleges"), Cecile Wegner and Sylvia Ramos, states as follows:

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a, to correct unlawful employment practices on the basis of race and to provide appropriate relief to plaintiff, who was adversely affected by such practices. Further, this is an action under Title VII for retaliation against plaintiff, who was adversely affected by such practices.

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and a resident of the state of Illinois, residing within this Judicial District from all dates relevant to this Complaint through the date of the filing of this Complaint.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, which makes it unlawful for an employer "to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race." 42 U.S.C § 2000 e-2(a)(1).

3. This Court has jurisdiction in this cause under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1343(a)(4). The Court also exercises jurisdiction under 28 U.S.C. 1331, 1337 and 1345.

4. All acts alleged in this complaint took place in Cook County, Illinois, which is in the Eastern Division of the Northern District of Illinois, and therefore this Court is the proper venue and forum for this claim.

**GENERAL ALLEGATIONS**

5. The Plaintiff was at all relevant times a resident and citizen of the State of Illinois.

6. At all relevant times, Defendant has continuously been and is now doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

7. Plaintiff is an African-American female who was employed by Defendant as the Director of Financial Aid at all times relevant herein.

8. At all relevant times, Defendant City Colleges was an employer engaged in an industry affecting commerce and is thus an "employer" within the meaning of Title VII, 42 U.S.C. § 2000 et seq.

9. At all times relevant herein Defendant Sylvia Ramos was the President of City Colleges. She is sued in her individual capacity.

10. At all times relevant herein Defendant Cecile Wegner was the Vice-President of City Colleges. She is sued in her individual capacity.

11. At all times relevant herein Defendants Ramos and Wegner exercised supervisory authority over and made hiring, promotion, disciplinary and other employment decisions concerning plaintiff and other City Colleges employees.

12. Defendant City Colleges, as employer of Ramos and Wegner during all relevant times, is responsible for the wrongful acts of Ramos and Wegner while Ramos and Wegner acted within the scope of their employment.

13. During her employment with Defendant City Colleges, Plaintiff received favorable informal and formal performance evaluations and commendations, all of which indicated that her work performance met or exceeded her employer's legitimate job expectations.

## ADMINISTRATIVE PREREQUISITES

14. On March 16, 2009, Plaintiff filed a Charge of Discrimination, known as Charge Number 440-2009-03393, with the Equal Employment Opportunity Commission and Charge Number 2009 CN 4627 with the Illinois Depart of Human Rights, charging Defendant with discriminating against Plaintiff on the basis of her race, African-American. A copy of that Charge of Discrimination is attached hereto as Exhibit A.

15. On December 18, 2009, the Illinois Depart of Human Rights issued a Notice of Dismissal, indicating her right to sue. A copy of that Notice is attached hereto as Exhibit B.

## COUNT I – RACE DISCRIMINATION

16. Plaintiff was employed from 2006 through 2009 as a Director of Financial Aid.

17. Beginning in or about 2008, and continuing through her termination in March of 2009 Plaintiff was subjected to discriminatory treatment based upon her race.

18. In July of 2008, Plaintiff registered to take classes Daley College, where she worked as the Director of Financial Aid.

19. Her financial aid documents were approved by Madonna Joyce, the financial aid advisor at that time, and the only person who approved such documents for Daley College.

20. There was nothing false, fraudulent, or incorrect about Plaintiff's application documents, and she did in fact receive the student loan.

21. Defendant Regner met with Plaintiff regarding the student loan, and it was verified by Plaintiff that she received the loan, that it was approved by Madonna Joyce, and that Plaintiff's supervisor, Dean Gayle Ward, had not seen the documentation.

22. At that time, Dean Gayle Ward did not normally see student loan applications as part of her duties.

23. At all times relevant herein, Defendant City Colleges did not have a policy in place to prevent employees from taking courses or obtaining loans to do so.

24. During the meeting between Defendant Regner and Plaintiff, Regner requested that Plaintiff speak with her supervisor, Dean Ward, about the loan.

25. Plaintiff did in fact follow Defendant Regner's instructions to meet with Dean Ward.

26. During the entirety of the meeting between Regner and Plaintiff, plaintiff was forthcoming with information about the loan and compliant.

27. Despite this, Regner sought to have further action taken against Plaintiff by reporting the incident to Defendant Ramos.

28. At all times relevant herein, Regner could not point to any specific policy or procedure that Plaintiff had failed to comply with.

29. Thereafter, on September 22, 2008, the Office of the Inspector General and Ethics Office were contacted regarding the loan.

30. The Ethics Officer reviewed the report and determined that Plaintiff failed to comply with Sections 2 and 8 of the Ethics Policy, regarding fiduciary duty and conflicts of interest, respectively.

31. Smith informed the Ethics Office that she had not violated any federal regulations, and that Madonna Joyce was not prohibited in any way from processing the loan.

32. Plaintiff further pointed out that she had not violated any policies or procedures in place at that time regarding student loans.

33. Plaintiff requested a definition of "fiduciary duty" as it was used in the Ethics Policy, noting that she had not violated any duties or responsibilities.

34. Plaintiff explained that she did in fact complete the courses that she took out the loan to pay for, and that she took the courses for self-improvement.

35. The Ethics Office reviewed the material outlined above, heard the information offered by Plaintiff, and subsequently recommended that she be terminated.

36. The reasons given for Plaintiff's termination are false and pretextual and the termination of Plaintiff was motivated in part by her race.

37. Plaintiff was terminated based on a policy that did not exist at the time she purportedly violated it. Further, such policy was subsequently revised in an attempt to adequately delineate what specific actions were prohibited. The actions of Defendant in paragraphs 1 through 35 of this Complaint constitute discrimination in

employment against Plaintiff because of her race and are prohibited under 42 U.S.C. § 2000(e) et seq.

38. The effect of the aforementioned practices on Plaintiff has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee of Defendant because of her race.

39. Plaintiff has suffered and continues to suffer the loss of past and future income and benefits as well as mental and emotional distress based upon her discriminatory wrongful termination by Defendant.

40. The unlawful employment practices complained of in paragraphs 1 through 35 were and are intentional.

41. The unlawful employment practices complained of in paragraphs 1 through 35 were done with malice or with reckless disregard and indifference to the federally-protected rights of Plaintiff.

COUNT II – RETALIATION

42. Plaintiff restates and reallages by reference paragraphs 1 through 41 as though fully set forth herein.

43. Defendants, City Colleges, Sylvia Ramos and Cecile Regner retaliated against Plaintiff for having engaged in the protected activity of complaining about unfair and discriminatory treatment, as well as pointing to severe deficiencies in the Ethics Policy in place at that time.

44. Defendants' actions were intentional and caused Plaintiff severe emotional distress, humiliation, depression, anxiety, pain and suffering, inconvenience, loss of income

and benefits, future pecuniary losses, and other compensatory and consequential damages.

45. Defendants actions were intentional, willful and malicious, and/or with reckless disregard for Plaintiff's civil rights.

WHEREFORE, Plaintiff, RHONDA SMITH, respectfully requests that this Honorable Court will enter judgment in her favor and against the Defendants, as follows:

A. That a finding be entered that defendant engaged in employment practice which discriminated against plaintiff on the basis of race;

B. That a finding be entered granting a permanent injunction enjoining defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

C. That plaintiff be awarded damages, including but not limited to damages equal to her regular pay and lost employment benefits and interest from the dates when such amounts would have been paid until such time as judgment in this case is rendered;

D. That plaintiff be awarded retroactive reinstatement with participation in all employee benefit plans and with all other benefits which would have accrued if her employment had not been wrongfully interrupted, or in lieu thereof, front pay;

E. That plaintiff be awarded compensatory damages in an amount to compensate her for her past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

F. That plaintiff be awarded punitive damages on account of defendant's malicious

and/or reckless and callous indifference to plaintiff's federally protected rights;

G. That plaintiff be awarded her costs of maintaining this action, including reasonable attorneys' fees; and

H. That plaintiff be awarded such other relief as this court deems just and equitable to effectuate the purposes of the laws of the State of Illinois.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact.

                                    Respectfully submitted,

                                    RHONDA SMITH


                                By: /s Kenneth M. Battle_____
                                        One of Her Attorneys


Kenneth M. Battle
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson Blvd., Suite 950
Chicago, IL 60604
(312) 362-0000
kbattle@gkwwlaw.com