```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| RHONDA SMITH,<br><br>              Plaintiff,<br><br>     v.<br><br>BOARD OF TRUSTEES, ILLINOIS<br>COMMUNITY COLLEGE DISTRICT<br>NO. 508, a/k/a CITY COLLEGES<br>OF CHICAGO, CECILE REGNER, and<br>SYLVIA RAMOS,<br><br>              Defendants. | Case NO. 10 C 1712<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is granted for both Counts I and II.

### I.  BACKGROUND

From July 2006 until March 2009, Plaintiff Rhonda Smith (the "Plaintiff") worked for City Colleges of Chicago ("City Colleges") as the Daley College Director of Financial Aid. In July 2008, she registered to take classes at Daley College, for which she obtained a loan from City Colleges. Plaintiff alleges that the school's financial aid advisor approved the loan. Daley College Vice President Cecile Regner ("Regner") met with Plaintiff after learning about the loan, and began an investigation as to whether

the loan violated City Colleges' fiduciary duty and conflicts of interest ethics policies. Regner informed Daley College President Sylvia Ramos ("Ramos") of the matter, and on September 22, 2008, Ramos referred it to City Colleges' Ethics Office. After hearing Plaintiff's position on why the receipt of the loan did not violate City Colleges' ethics policies, the Ethics Office recommended that Daley College terminate Plaintiff from her position. It did so on March 5, 2009.

On March 16, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Illinois Department of Human Rights (the "IDHR"), alleging that City Colleges violated Title VII of the Civil Rights Act of 1964 for firing her because she is African-American. On March 24, the EEOC closed its file on the charge, unable to find a Title VII violation. The dismissal informed Plaintiff of her right to sue City Colleges within ninety (90) days. Plaintiff claims that the EEOC "turned the case over to the [IDHR] for further investigation." Pl's Resp. Defs.' Mot. Dismiss 1. The IDHR dismissed her complaint for lack of evidence on December 18, 2009.

On March 17, 2010, Plaintiff filed the two-count Complaint currently before this Court against City Colleges as her employer and against Regner and Ramos in their individual supervisory capacities for race discrimination and retaliation in violation of

- 2 -

Title VII. Defendants subsequently filed their Rule 12(b)(6) Motion to Dismiss.

## II. <u>**LEGAL STANDARD**</u>

In order to survive a Rule 12(b)(6) Motion to Dismiss, a complaint must "include sufficient facts to state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). A pleading must set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." FED. R. CIV. P. 8(a). The Court accepts as true all well-pleaded facts alleged in the Complaint and draws all reasonable inferences in a light favorable to the Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Although a Complaint does not need detailed factual allegations, it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Id.* at 555. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009).

### III. **ANALYSIS**

#### A. Claims Against Defendants Regner and Ramos

As an initial matter, Plaintiff has brought race discrimination and retaliation claims against Defendants Regner and Ramos in their individual capacities as officials at Daley College. Title VII, however, imposes liability on employers, not individual liability on supervisory employees. *Glebocki v. City of Chicago*, No. 01-CV-1243, 2002 WL 448419, at *4 (7th Cir. Mar. 19, 2002). These provisions are designed to impose respondeat superior liability on an employer for the acts of its agents and not liability on individuals. *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995). Under Title VII, an "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b)(2006). Plaintiff does not allege that Regner or Ramos qualify as employers under Title VII. Therefore, both Regner and Ramos are dismissed with prejudice as parties to Counts I and II.

#### B. Failure to File Complaint Within Ninety (90) Days of EEOC Decision

A plaintiff in a Title VII case must file her suit within ninety (90) days from when the EEOC provides her actual notice of her right to sue. *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001); 42 U.S.C. § 2000e-5(f)(1). In this case, the EEOC concluded its investigation of Plaintiff's discrimination charge on

March 24, 2009. Plaintiff does not claim that she did not receive actual notice of the EEOC's decision on or close to this date. Based on the facts in the pleadings, she had until approximately June 20, 2009, to file her claim in court. Nevertheless, she did not file her discrimination and retaliation claims until March 17, 2010, far past the expiration of her statutory time limit.

Plaintiff argues that she timely filed her complaint because the IDHR dismissed her complaint on December 18, 2009, therefore placing her March 17, 2010, filing within the requisite time frame. This argument is not responsive to her failure to file her suit within ninety (90) days of receiving the EEOC's decision. Plaintiff indicates that the IDHR continued the investigation of her EEOC claim, but this procedural posture is not indicated on the EEOC Dismissal and Notice of Rights, *see* Mem. Supp. Defs.' Mot. Dismiss Ex. B, the IDHR Notice of Dismissal for Lack of Substantial Evidence, *see* Compl. Ex. 1, or sufficiently pled anywhere else by Plaintiff. Regardless, the March 24, 2009, EEOC Dismissal unequivocally gave Plaintiff ninety (90) days from the receipt of the notice to file her lawsuit. *See* Mem. Supp. Defs.' Mot. Dismiss Ex. B. Plaintiff has not sufficiently pled the necessary facts, nor has she offered any authority in her Response to the Motion to Dismiss, which indicate that the Court should disregard the EEOC deadline on account of the IDHR's action superseding this deadline.

The Court, therefore, starts the clock ticking on Plaintiff's right to sue on March 24, 2009.

In addition, the IDHR dismissal provided that Plaintiff could "commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice." *See* Compl. Ex. 1. She disregarded this jurisdictional requirement, and filed her suit in federal court. Without a corresponding federal claim, the court cannot exercise supplemental jurisdiction over this Illinois state law claim. *See* 28 U.S.C. § 1367(c).

Therefore, Plaintiff's Title VII race discrimination and retaliation charges are time-barred, so Counts I and II against the remaining party, City Colleges, are dismissed with prejudice.

**C. Alternate Grounds for Dismissal of Counts I and II**

Even if Plaintiff is not time-barred to pursue her Title VII claims against City Colleges, alternate grounds exist for the Court to dismiss both Counts I and II. In regard to Count I, a complaint that merely offers "abstract recitations of the elements of a cause of action or conclusory legal statements" does not provide the notice required by Rule 8(a). *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). Because such a pleading does "nothing to distinguish the particular case that is before the court from every other hypothetical case in that field of law," it is subject to dismissal. *Id.*

In this case, Plaintiff's pleadings do little more than conclude that her termination was motivated, in part, by her race. Compl. ¶¶ 36–39. She describes her employment, the receipt of her loan, the Defendants' investigation of the loan, and her termination. *Id.* at ¶¶ 5–35. The Complaint then leaps to the conclusion, without any supporting facts, that Defendants deprived her of "equal employment opportunities" and terminated her employment because of her race. *Id*. at ¶ 39. Such a conclusory legal statement fails to meet the Rule 8(a) pleading standards, so Count I is subject to dismissal on this ground.

Defendants also move to dismiss Count II because Plaintiff did not include a retaliation claim in her EEOC charge. A plaintiff generally cannot bring claims under Title VII that she did not originally include in her EEOC charge. *See Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). However, because lay people complete most EEOC charges, a plaintiff does not need to allege every fact that combines to form the basis of a retaliation claim in her EEOC charge. *See Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992).

The test for determining whether an EEOC charge encompasses all claims set forth in a complaint is whether the claims are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)(en banc)(internal citations

omitted); *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)("The claims are not alike or reasonably related unless there is a factual relationship between them.  This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals.*")(emphasis in original).

In this case, the only language in Plaintiff's EEOC charge that refers to discriminatory conduct is:  "I believe that I have been discriminated against because of my race, Black, in violation of Title VII. . . ."  *See* Mem. Supp. Defs.' Mot. Dismiss Ex. A.  Under no reasonable reading does this one-sentence allegation provide the basis for a retaliation claim.  It does not describe any conduct by the Defendants relating to her termination that connects the allegedly race-based discrimination to the retaliation claim.  Therefore, Plaintiff's failure to allege retaliation in her EEOC charge also makes Count II subject to dismissal.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is granted with prejudice for Counts I and II.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

**DATE:** 11/15/2010